DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Ross County Court of Common Pleas, which dismissed Defendant-Appellant Floyd Lambert's petition for post-conviction relief without a hearing. The trial court found that appellant's petition was not timely filed. Appellant argues that the trial court erred in failing to address the merits of his petition because he raised important issues of federal and state constitutional law. We find that appellant's petition for post-conviction relief was not timely filed. Accordingly, we affirm the judgment of the trial court.
On July 30, 1994, appellant shot and killed his wife, Sandra Lambert. On August 5, 1994, the Ross County Grand Jury indicted appellant on one count of aggravated murder. The indictment contained a firearm specification, but not a death specification.
On August 7, 1994, the Ross County Court of Common Pleas appointed attorneys Daniel Silcott and Ben Rainsberger to represent appellant. At that time, Mr. Silcott was certified by the Supreme Court of Ohio to represent indigent criminal defendants in capital cases pursuant to Sup.R. 20.[1] Mr. Rainsberger obtained such certification on January 6, 1995, subsequent to his appointment to represent appellant but prior to the beginning of appellant's trial.
The case was tried to a jury beginning on February 27, 1995. On March 3, 1995, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant to an indefinite prison term of twenty years to life for the aggravated murder, to be served consecutive to a mandatory three-year prison term for the firearm specification. On direct appeal, we affirmed the judgment of conviction and sentence. SeeState v. Lambert (June 6, 1996), Ross App. No. 95CA2104, unreported.
On January 20, 2000, appellant filed a petition for post-conviction relief in the trial court. In his petition, appellant argued that he was denied the effective assistance of counsel at trial because Mr. Rainsberger was not properly certified pursuant to Sup.R. 20 at the time of his appointment to represent appellant. On March 1, 2000, the trial court dismissed appellant's petition on the grounds that it was not timely filed.
Appellant filed a timely notice of appeal, and presents one assignment of error for our review.
ASSIGNMENT OF ERROR:
 DEFENDANT-APPELLANT WAS DEPRIVED DUE PROCESS OF LAW AND THE LOWERR [sic] TRIAL COURT ABUSED IT'S [sic] DISCRETION IN NOT RULING ON THE MERITS OF DEFENDANT'S-APPELLANT'S POST-CONVICTION THAT RAISED SUBSTANTIAL FEDERAL QUESTIONS UNDER DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION "DUE COURSE OF LAW" THE COURT'S FINDINGS AND JOURNAL ENTRY IN DENYING POST-CONVICTION RELIEF WERE INSUFFICIENT WHERE THE COURT DID NOT ADDRESS ANY OF THE PETITIONER'S IMPORTANT CLAIMS ON IT'S [sic] MERITS. AND THE LOWER TRIAL COURT HAS FAILED TO FILE IT'S [sic] FINDINGS OF FACT AND CONCLUSIONS OF LAW IN DENYING PETITIONER'S POST CONVICTION AS MANDATED BY OHIO REVISED CODE § 2953.21(C), AND MANIFEST INJUSTICE.
In his sole assignment of error, appellant argues that the trial court erred in failing to address the merits of his petition for post-conviction relief. The trial court dismissed the petition on the grounds that it was not timely filed. Appellant argues that his petition raised such serious issues of ineffective assistance of counsel that the trial court should have addressed the merits of the petition.
A petition for post-conviction relief under R.C. 2953.21 must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal." R.C.2953.21(A)(2). However, Am.Sub.S.B. No. 4 ("S.B. 4"), which amended R.C.2953.21, imposes a different limitation period for those defendants sentenced before its effective date, September 21, 1995. See State v.Morehouse (Aug. 12, 1997), Meigs App. No. 96CA25, unreported. Section 3 of S.B. 4 provides that a criminal defendant sentenced before the effective date of the act must file a petition for post-conviction relief "within the time required in Division (A)(2) of Section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later." Section 3, Am.Sub.S.B. No. 4.
Appellant was sentenced prior to the effective date of S.B. 4. Although the record does not reveal the date the trial transcript was filed in the direct appeal, it must have been filed, if at all, sometime before we issued our decision on June 6, 1996. Thus, appellant's deadline for filing a petition for post-conviction relief was likely September 21, 1996, but certainly before December 1996. However, appellant did not file his petition until January 20, 2000, well after the expiration of the time limits under R.C. 2953.21(A)(2) and S.B. 4.
Ordinarily, the trial court may not consider a petition for post-conviction relief that is not timely filed. See R.C. 2953.23(A). In exceptional cases, however, a trial court is authorized to consider such an untimely petition. See id. In order for the trial court to consider an untimely petition, the defendant must satisfy two criteria. First, the defendant must show that the petition is based either on facts that the defendant was unavoidably prevented from discovering, or on a newly recognized federal or state constitutional right. See R.C. 2953.23(A)(1)(a) and (b). Second, the defendant must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the [defendant] guilty." R.C. 2953.23(A)(2).
Appellant has failed to demonstrate that his petition satisfies the requirements of R.C. 2953.23. Regarding the basis for his petition, appellant does not claim that a newly recognized state or federal constitutional right applies to his case, but that he was unavoidably prevented from discovering the facts necessary to support his petition. Appellant contends that, as a layperson, he was not aware of Sup.R. 20, so he had no way of knowing that one of his trial attorneys was not properly certified under that rule at the time of his appointment.
We find that appellant was not unavoidably prevented from discovering the facts that support his petition. Appellant was appointed new counsel on direct appeal, who was certainly aware of the requirements of Sup.R. 20. Furthermore, the date of Mr. Rainsberger's certification under Sup.R. 20 was readily ascertainable, as evidenced by appellant's correspondence with the Committee on the Appointment of Counsel for Indigent Defendants in Capital Cases that is attached to appellant's petition for post-conviction relief.
Appellant has also failed to show that Mr. Rainsberger's lack of certification on the date of his appointment to represent appellant had any effect on the outcome of appellant's trial. In the direct appeal in this case, we found that appellant received effective assistance of counsel at trial. Appellant now argues that his trial counsel should be presumed ineffective because Mr. Rainsberger was not certified under Sup.R. 20 at the time that the trial court appointed him to represent appellant. We disagree.
Generally, a claim of ineffective assistance of counsel must rest on counsel's performance at trial. See United States v. Cronic (1984),466 U.S. 648, 104 S.Ct. 2039. In extremely rare circumstances, a court may find ineffective assistance of counsel without reference to counsel's actual performance at trial. See Powell v. Alabama (1932), 287 U.S. 45,53 S.Ct. 55 (finding criminal defendants denied assistance of counsel where trial court appointed "all members of the bar" at arraignment, but individual attorney did not appear to represent defendants until day of trial). The trial court's failure to comply strictly with Sup.R. 20 is not one of those extreme situations that gives rise to a presumption that counsel's performance was deficient. See State v. Misch (1995),101 Ohio App.3d 640, 656 N.E.2d 381. Even if it were such a situation, Mr. Rainsberger obtained his certification under Sup.R. 20 prior to the commencement of appellant's trial.
Appellant did not file his petition for post-conviction relief within the time limits imposed by R.C. 2953.21(A)(2) and S.B. 4. Nor did he justify his late filing under the provisions of R.C. 2953.23. Accordingly, we find that the trial court properly dismissed appellant's complaint as being untimely under R.C. 2953.21(A)(2).
Appellant's sole assignment of error is OVERRULED. The judgment of the Ross County Court of Common Pleas is AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the ROSS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAILPREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
David T. Evans, Judge.
Abele, P.J., and Kline, J. Concur in Judgment and Opinion.
[1] At the time of the appointment of appellant's trial counsel, the provisions of Sup.R. 20 were codified in former C.P.Sup.R. 65. For purposes of clarity, we refer to the current version of the rule throughout the opinion.